101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ernie BUCKMAN, Plaintiff-Appellant,
v.
CITICORP., Defendant-Appellee.
 No. 96-7236.
 United States Court of Appeals, Second Circuit.
 Aug. 14, 1996.
 
 Ernie Buckman appeals from an order dated January 29, 1996, in the United States District Court for the Southern District of New York (Mukasey, J.), dismissing his claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
 
 
 1
 Appearing for Appellant: ERNIE BUCKMAN, pro se, Mt. Vernon, NY.
 
 
 2
 Appearing for Appellee: J. KELLEY NEVLING, JR., Citibank Legal Affairs Office, New York, NY.
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present MESKILL, CALABRESI, PARKER, Circuit Judges.
 
 
 6
 In this action, Buckman alleges copyright and trademark violations by defendant Citicorp, and requests damages of $5 billion and a preliminary injunction. Buckman claims that Citicorp has stolen "Buckmans' Theory" and other ideas involving photographic identification cards. Finding no merit in Buckman's claims, the district court dismissed the complaint for failure to state a claim upon which relief could be granted.
 
 
 7
 Buckman's principal argument on appeal is that the district court erred in concluding that Buckman's "theories" are not copyrightable. This argument is untenable. Section 102(b) of the Copyright Act states:
 
 
 8
 In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.
 
 
 9
 17 U.S.C. § 102(b); see also Feist Publications, Inc. v. Rural Telephone Serv. Co., 499 U.S. 340, 344-45 (1991) ("The most fundamental axiom of copyright law is that '[n]o author may copyright his ideas or the facts he narrates.' ") (citation omitted). Buckman's "theories" about photographic identification cards are nothing if not ideas, and thus beyond the reach of copyright protection.
 
 
 10
 Buckman raises several other claims on appeal. Many of these claims were not raised before the district court below, and are therefore not cognizable on appeal. See, e.g., Hill v. City of New York, 45 F.3d 653, 663 (2d Cir.1995). In any event, all of these claims are meritless.
 
 
 11
 We have examined all of Buckman's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.